IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ricky Lee Vance, # 04777-084, | ) |
|                                     Petitioner, | ) Civil Action No. 6:15-2042-JMC-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Warden Linda Thomas, | ) |
|                                     Respondent. | ) |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2241. The petitioner is a federal prisoner. In Criminal No. 94-22 (W.D. Va.), the petitioner was convicted, in a jury trial, of the use of a destructive device in a crime of violence, attempted destruction of a building used in interstate commerce, possession of an unregistered destructive device, and receiving or transporting stolen explosive materials. The criminal charges arose out of the petitioner's attempt to bomb his ex-wife's workplace.

The petitioner was sentenced to 360 months on Counts 2 through 4 and to a mandatory consecutive sentence of 360 months on Count 1, for a total of 720 months. The total sentence of 360 months on Counts 2 through 4 was based on three consecutive sentences of 120 months. The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's convictions and sentences in *United States v. Vance*, No. 95-5155, 1996 WL 308280 (4th Cir. May 31, 1996).

The petitioner brought his first Section 2255 action, Civil Action No. 97-316-R (W.D. Va.) in 1997. The district court on February 25, 1998, denied relief and the United States Court of Appeals for the Fourth Circuit subsequently dismissed the appeal of the

Section 2255 action. *See United States v. Vance*, No. 98-6421, 1998 WL 486351 (4th Cir. Aug. 7, 1998).

In his Section 2241 petition, the petitioner contends that his sentence was erroneously and illegally imposed, as the district court made various mistakes and was ultimately constrained by statute to impose a maximum term of 30 years. He further contends that the district court later improperly rejected his claims because it believed that he was ineligible for relief under Coram Nobis or Audita Querella, and the district court failed to address the clear sentencing error.[1] He submits that Section 2255 is now inadequate and ineffective to test the legality of his continued confinement as a result of Fourth Circuit law, and that the Supreme Court's decision in *Persuad v. United States*, 134 S.Ct. 1023 (2014), "has changed the landscape" regarding Section 2255 and Section 2241 and overrules *In Re Jones*, 226 F.3d 328 (4th Cir. 2000). In his prayer for relief, the petitioner requests that the petition be granted, that an evidentiary hearing be held, and that the petitioner be appointed counsel (*id*. at 12).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Section 2241 petition is subject to summary dismissal.

---

[1]The petitioner is obviously referring to *Vance v. United States*, Nos. 7:14CV00354 and 1:94CR00022, 2014 WL 3696096, at *2–3 (W.D. Va. July 23, 2014) (denying the petitioner's petition for writ of error coram nobis or audita querella and dismissing the action as a successive Section 2255 motion to vacate), *appeal dismissed*, *United States v. Vance*, 585 F. App'x 105 (4th Cir. 2014).

2

The petitioner does not satisfy the three-part test to bring a Section 2241 action raising Section 2255 claims. *See In Re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). Under the holding of *In Re Jones*, § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

The petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

The petitioner contends that *Persuad v. United States*, 134 S.Ct. 1023 (2014) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Fourth Circuit for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013."), overrules *In Re Jones*. The United States Court of Appeals for the Fourth Circuit has not issued an opinion on remand in *Persuad* because it remanded the case to the district court in North Carolina. *See Debnam v. Crews*, Civil Action No. 4:15-220-SB, 2015 WL 2201691, at *3 n. 3 (D.S.C. May 11, 2015) ("It is noted that *Persaud* has been remanded from the Supreme Court to the Fourth Circuit, which in turn remanded the case to the District Court

3

in North Carolina for consideration of this issue.  That case remains pending.").[2]   In any event, the sentencing matter at issue in *Persaud* involved a mandatory life sentence, not four separate sentences.  *See Mason v. Thomas*, Civil Action No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014) ("Petitioner cites to the Supreme Court's remand of the *Persaud* case, which occurred on January 27, 2014, in support of his argument that his claim is cognizable under § 2241.  *See* 134 S.Ct. 1023.  *Persaud* is distinguishable, however, because that case involved a situation where the petitioner, Persaud, was sentenced to mandatory minimum term of life imprisonment, enhanced pursuant to 21 U.S.C. § 851.").

The United States Court of Appeals for the Fourth Circuit has not overruled *In Re Jones* and, since the Supreme Court's remand in *Persaud*, has continued to apply the *In Re Jones* test.  *See Rouse v. Wilson*, No. 14-6715, 584 Fed.App'x 76, 76 n. * (4th Cir. Sept. 30, 2014):

> The district court properly determined that Rouse could not proceed with his claims under § 2241.  *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir.2008); *In re: Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

*See also Brown v. Mansukhani*, Civil Action No. 5:15-164-BHH, 2015 WL 2173048, at *5 (D.S.C. May 8, 2015) ("The Supreme Court's order in the *Persaud* case is one paragraph long and it does not contain any ruling on the merits of the petitioner's and the United States' arguments against application of the Fourth Circuit's *Poole* line of cases, nor does it contain any discussion about whether those cases correctly interpreted and applied the

---

[2]As noted in *Brown v. Mansukhani*, Civil Action No. 5:15-164-BHH, 2015 WL 2173048, at *5 n. 6 (D.S.C. May 8, 2015), the *Persaud* case was stayed by the United States District Court for the Western District of North Carolina on December 5, 2014, pending a decision by the United States Court of Appeals for the Fourth Circuit in a different case involving similar issues, *United States v. Surratt*, No. 14–6851 (4th Cir.).  *See United States v. Persaud*, No. 3:12-cv-00509-FDW (W.D.N.C.) (ECF Nos. 15, 16).  Oral argument was held in the *Surratt* case on January 27, 2015, but an opinion has not yet been issued in the case.  *See United States v. Surratt*, No. 14–6851 (4th Cir.).

law applicable to the § 2255 savings clause or to § 2241 subject-matter jurisdiction."). Moreover, a position taken by the Solicitor General is not binding on federal Courts of Appeals. Kumar Katyal, *The Solicitor General and Confession of Error*, 81 Fordham L. Rev. 3027, 3030 (May 2013).

The petitioner's available remedy is a motion to vacate under 28 U.S.C. § 2255. The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. *In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). This district court has held that the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *See Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

Since the petitioner has had a prior Section 2255 action adjudicated in the United States District Court for the Western District of Virginia, the petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive Section 2255 petition. *See In re Vial*, 115 F.3d at 1194 ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); 28 U.S.C. § 2244(b)(3); and *In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

Accordingly, it is recommended that the Section 2241 petition be dismissed *without prejudice* and without requiring the respondent to file an Answer or return. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). It is also recommended that the District Court deny a Certificate

of Appealability.  The petitioner's attention is directed to the important notice on the next page.

June 4, 2015                              s/ Kevin F. McDonald
Greenville, South Carolina               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).