# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Ricky Lee Vance, # 04777-084, ) | |
| ) | Civil Action No.: 6:15-cv-02042-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Linda Thomas, ) | |
| ) | |
| Respondent. ) | |

Petitioner Ricky Lee Vance ("Petitioner") filed this *pro se* Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241(c)(3) alleging judicial overreach, ineffective assistance of counsel, and defective jury instructions. (ECF No. 1.) Respondent Linda Thomas, Warden of Federal Correctional Institution in Edgefield, South Carolina ("Respondent"), was not required to file a Return. (ECF No. 14.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On June 4, 2015, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 15) recommending the court dismiss Petition (ECF No. 1) and deny a Certificate of Appealability. This review considers Petitioner's Objections to the Report ("Objections") filed July 1, 2015. (ECF No. 22.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** this Petition (ECF No. 1) without prejudice and without issuance and service of process.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate

1

Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Petitioner's Objections. The relevant facts are as follows.

On September 9, 1994, a jury in the Western District of Virginia convicted Petitioner of the use of a destructive device, 18 U.S.C. § 924(c) ("Count One"); attempted destruction of a building by means of an explosive, 18 U.S.C. § 844(i) ("Count Two"); possession of an unregistered destructive device, 26 U.S.C. § 5861(d) ("Count Three"); and receiving or transporting stolen explosive material, 18 U.S.C. § 842(h) ("Count Four"). (ECF No. 1 at 2.) On February 23, 1995, Petitioner was sentenced to three consecutive terms of 120 months for each of Counts Two, Three, and Four, and a consecutive 360 months for Count One (for a total of 720 months). (*Id*.) Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed his convictions and sentences on May 31, 1996. (ECF No. 15 at 1.) Petitioner also filed a Motion for Reconsideration, and Motion to Amend his sentence pursuant to 28 U.S.C. § 2255, which the Western District of Virginia denied on February 25, 1998. (*Id*.) On August 7, 1998, the Fourth Circuit affirmed the district court's opinions. (*Id*.)

Petitioner filed this Petition pursuant to § 2241 on May 20, 2015, challenging his sentence and asserting three grounds for relief: (1) the district court exceeded its statutory and constitutional authority; (2) Petitioner's trial counsel was ineffective; and (3) the jury instructions during Petitioner's trial were defective. (ECF No. 1 at 4.) On June 04, 2015, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Petition. (ECF No. 15.) In the Report, the Magistrate Judge found that Petitioner did not satisfy the three-part test outlined by the Fourth Circuit in *In re Jones,* 226 F.3d 328 (4th Cir. 2000). (*Id.* at 3.)[1] The

---

[1] *In re Jones* found that a petitioner may seek relief under § 2241 under the savings clause of § 2255 on claims for which § 2255 is inadequate to test the legality of a conviction if, "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the

2

Magistrate Judge also found that *Persuad v. United States*[2] did not overrule *In re Jones*. (ECF No. 15 at 3-4.) Finally, the Magistrate Judge found Petitioner should have sought permission from the circuit court of appeals before filing a successive § 2255 motion. (ECF No. 15 at 5; *see In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).

Petitioner timely filed his Objections on July 1, 2015. (ECF No. 22.) Petitioner reiterates his three grounds for relief, while also asking for an evidentiary hearing to be granted.[3] (ECF No. 22 at 2). Petitioner objects to the use of a magistrate judge in these proceedings (ECF No. 22 at 3-7), and takes issue with the Report's language that the habeas corpus petition was a successive motion. (ECF No. 22 at 5.)

## II.   LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id.* The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." 226 F.3d at 333–34.
[2] 134 S. Ct. 1023 (2014).
[3] The Magistrate Judge denied Petitioner's motion for an evidentiary hearing, without prejudice. (ECF No. 7.)

Petitioner filed this Petition in *forma pauperis* pursuant to 28 U.S.C. § 1915, which allows a federal court to proceed with a prisoner's complaint or action without the prepayment of court fees by the prisoner litigant. 28 U.S.C. § 1915(a)(1). The statute attempts to restrain this privilege, and thus avoid allowing meritless lawsuits to flood the court system, by permitting a court to dismiss the case at any time upon finding that the action fails to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii).

Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

The Magistrate Judge correctly concludes that the allegations contained in Petitioner's Petition are not sufficient to show constitutional violations that would warrant relief under § 2241. Petitioner's Objections do not bring forward any new facts that change this initial conclusion.

### III.     DISCUSSION

Petitioner timely filed objections to the Magistrate Judge's Report and Recommendation on July 1, 2015. (ECF No. 22.) However, though Petitioner reiterates each of the grounds for relief brought up in his Petition and in the Report, very little new information is brought to this court's attention that was not sufficiently addressed by the Magistrate Judge's Report. In his Objections, Petitioner questions the Magistrate Judge's authority to make recommendations.

In regard to Petitioner's first ground for relief, Petitioner argues that the trial judge determined the facts of the case, thus the sentence he received for Count Two, § 844(i), exceeded

4

the maximum he would have received from a jury verdict. (ECF No. 1 at 5.) However, Petitioner received 120 months at sentencing, well within the twenty year maximum sentence, and there does not seem to be any evidence of improper judicial conduct. In regard to Petitioner's second ground for relief, in order to assert ineffective assistance of counsel ("IAC") under *Strickland*, Petitioner must first prove that trial counsel's performance was deficient using a "reasonableness under prevailing professional norms" standard. *Strickland v. Washington*, 466 U.S. 668 (1984). Second, the trial counsel's deficient performance must have prejudiced Petitioner to such a degree that the result of the proceeding would have been different. *Id*. Petitioner has presented no evidence that his counsel's performance was deficient or that his counsel's actions prejudiced his case. Similar to the first two grounds, Petitioner's third ground for relief lacked specificity, and this court does not see how the jury instructions were defective. None of Petitioner's three grounds give rise to constitutional or legal violations.

In his Petition and Objections, Petitioner challenges his sentence as unlawful through the above mentioned three grounds. Though Petitioner takes issue with the Report's use of "successive" language in regard to § 2241 and § 2255 (ECF No. 22 at 5), in his Objections, he nonetheless tries to use § 2255 and the savings clause to prove sentencing error and seek redress.[4] Although a Petition filed pursuant to § 2241 is available if a petitioner can satisfy the requirements of the savings clause of § 2255 as outlined in *In re Jones*, that option is limited to challenges to the underlying conviction, not those challenges only to sentence. "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners

---

[4] Petitioner has brought multiple § 2255 motions before the court. *See Vance v. United States*, Nos. 7:14CV00354 and 1:94CR00022, 2014 WL 3696096, at *2–3 (W.D. Va. July 23, 2014) (denying the petitioner's petition for writ of error coram nobis or audita querella and dismissing the action as a successive Section 2255 motion to vacate), *appeal dismissed*, *United States v. Vance*, 585 F. App'x 105 (4th Cir. 2014); *see also United States v. Vance*, No. 98-6421, 1998 WL 486351 (4th Cir. Aug. 7, 1998) (dismissing Petitioner's appeal of a § 2255 action).

challenging only their sentence." *United States v. Poole,* 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting the language of *In re Jones* addressed the use of a § 2241 Petition in instances in which § 2255 is inadequate to test the legality of a conviction, but does not mention challenging the legality of a sentence). In a rehearing *en banc* on the case referenced by the Fourth Circuit, the Eleventh Circuit has since come into line with other circuits on this issue: "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h). Not one circuit has held to the contrary." *Gilbert v. United States,* 640 F.3d 1293, 1312 (11th Cir. 2011). As such, Petitioner cannot use the savings clause to bring this § 2241 Petition challenging his sentence.

Additionally, in regard to Petitioner's interpretation of *Persuad*, the Supreme Court of the United States did not adopt the Solicitor General's brief as their opinion, they simply remanded to the Fourth Circuit in light of the positions asserted by the Solicitor General. *Persaud v. United States*, 134 S. Ct. 1023 (2014). The Magistrate Judge is correct in his determination that *Persaud* should not be used to overturn or undermine the test of *In re Jones*.

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Report (ECF No. 15) of the Magistrate Judge, incorporating it by reference. It is hereby **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process.

**Certificate of Appealability**

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 8, 2016
Columbia, South Carolina